UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC ANDERSON,

    Petitioner,                                                   Civil Action No. 5:10-cv-11485

v.                                                            HON. JOHN CORBETT O'MEARA

NICK LUDWICK,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION
## FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A
## CERTIFICATE OF APPEALABILITY BUT GRANTING PERMISSION FOR
## AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

### I.  INTRODUCTION

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254.  Petitioner Eric Anderson is incarcerated by the Michigan Department of Corrections, currently housed at the Chippewa Correctional Facility in Kincheloe, Michigan, where he serves concurrent sentences for the following convictions: (1) criminal sexual conduct in the first-degree (CSC I); (2) armed robbery; (3) felonious assault; (4) first-degree home invasion; and (5) felony firearm.  Petitioner's convictions occurred on October 26, 2005, following a jury trial in the Circuit Court in Kent County, Michigan.  He was sentenced on December 27, 2005, as a habitual offender, fourth offense.  Petitioner's convictions were upheld by the Michigan Court of Appeals.  *People v. Anderson*, No. 268491, 2007 WL 2378452 (Mich. Ct. App. Aug. 21, 2007).  On November 29, 2007, the Michigan Supreme Court denied his application for leave to appeal.  *People v. Anderson*, 741 N.W.2d 356 (Mich. 2007) (unpublished table decision).

On April 14, 2010, Petitioner filed this habeas petition, *pro se*, alleging that his convictions and sentences are unconstitutional because he was denied an impartial jury, the prosecutor committed misconduct, and trial and appellate counsel were ineffective. For the reasons stated below, the Court will deny the petition and will decline to issue Petitioner a certificate of appealability but will grant him permission for an application for leave to proceed on appeal *in forma pauperis*, should he decide to appeal the Court's resolution of his claims.

## II.  BACKGROUND

Petitioner was tried with co-defendant Shawn Wilson. The prosecution's theory was that they broke into a house and raped and assaulted two women, and also assaulted three men who lived in the house at the time. Both the women and men testified. In total, the prosecution presented fifteen witnesses. The defense called the police officer who interviewed one of the victims on the night in question as a witness. Petitioner did not testify.

Following his convictions and sentencing, Petitioner filed a claim of appeal with the Michigan Court of Appeals, raising a claim concerning the sufficiency of the evidence. As stated, the Court of Appeals affirmed his convictions. *Anderson*, 2007 WL 2378452, at *1, *4. Subsequently, Petitioner filed an application for leave to appeal with the Michigan Supreme Court, raising the same claim, which was denied. *Anderson*, 741 N.W.2d 356.

After completing his direct appeal, Petitioner then filed a motion for relief from judgment with the state trial court, raising for the first time the claims which he now presents to this Court in his habeas petition. The trial court denied his motion, finding that the claims lacked merit. *People v. Anderson*, No. 04-11522-FC (Kent Cnty. Cir. Ct. Nov. 12, 2008). Both state appellate courts denied his applications for leave to appeal "because the defendant has failed to meet the

2

burden of establishing entitlement to relief under MCR 6.508(D)."  *People v. Anderson*, No. 292466 (Mich. Ct. App. Aug. 8, 2009) (unpublished); *People v. Anderson*, 778 N.W.2d 229 (Mich. 2010) (unpublished table decision).

This habeas petition follows.

### III.  DISCUSSION

### A.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when a state court has applied clearly established federal law in an objectively unreasonable manner.  *Id.* at 409.  A federal habeas court may not issue a writ if it

concludes the state court applied clearly established federal law merely erroneously or incorrectly. *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, ---, 130 S.Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. ---, ---, 131 S.Ct. 770, 786 (2011) (citation omitted). The Supreme Court has emphasized "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786 (citation omitted).

Although section 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state[-]court's decision conflicts with" the Supreme Court's precedents. *Harrington*, 131 S.Ct. at 786. Indeed, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citation omitted). Thus, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state

court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

A state court's factual determinations are presumed correct on federal-habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Further, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. ---, ---, 131 S.Ct. 1388, 1398 (2011).

With those standards in mind, the Court proceeds to address Petitioner's claims.

### B. Procedural default

Petitioner's claims were first raised in the Michigan courts in his motion for relief from judgment and the appeals that followed. At first blush, review of these claims appear to be barred by procedural default because Michigan's court rule 6.508(D)(3) required Petitioner to present the claims to the state courts during his direct appeal. However, under the Sixth Circuit's decision in *Guilmette v. Howes*, 624 F.3d 286 (6th Cir. 2010) (en banc), the Court finds that Petitioner's claims are not procedurally defaulted.

Generally, federal-habeas relief is precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). Federal courts will not take up a question of federal law presented in a habeas case if the decision of the state court rests on a state-law ground that is independent of the federal question and adequate to support the judgment. The rule applies with equal force whether the state-law ground is substantive or procedural. *Coleman v. Thompson*, 501 U.S. 722,

729 (1991); *see Walker v. Martin*, --- U.S. ---, ---, 131 S.Ct. 1120, 1127 (2011) (same).

The doctrine of procedural default is applicable when a petitioner fails to comply with a state-procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006). The last-explained, state-court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last-reasoned opinion. *Id.*

The Sixth Circuit has held that the form orders used by the Michigan appellate courts in this case are unexplained because they are ambiguous as to whether they refer to a procedural default or the denial of right on the merits. *Guilmette*, 624 F.3d 286 at 291. Under *Guilmette*, the Court must "look through" the unexplained orders of the Michigan appellate courts to the decision of the state trial court to determine the basis for the denial of state post-conviction relief. *Id.*; *see also Ylst*, 501 U.S. at 804 (same). Thus, the "look-through presumption" requires this Court to examine the decision of the state trial court in the present case. Here, the trial court denied relief by ruling on the merits of Petitioner's claims; it did not deny relief on the basis of Michigan's court rule 6.508(D)(3). Thus, his claims are not procedurally defaulted.

### C. Petitioner's claims

#### 1. Impartial-juror claim

In his first habeas claim, Petitioner argues that he is entitled to habeas relief because a juror revealed that she knew one of the victims after the jury was sworn. Petitioner presented this claim to the trial court in his motion for relief from judgment. The trial court considered but denied the claim on its merits.

Here, Petitioner must first demonstrate that the juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause. *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). In addressing this claim, the trial court found that the juror's familiarity with the victim would not affect her ability to be a fair and impartial juror; she did not fail to reveal information that was highly pertinent to potential juror bias.

The Court finds that Petitioner cannot establish that the juror answered untruthfully when she did not respond when asked whether any of the jurors knew anyone that may be called as a witness. Rather, the juror testified that during the trial she recognized one of the victims and informed the court staff that day. Trial Tr. vol. VI, 38-39 Oct. 25, 2005, ECF No. 13-8, 361. At first, she could not remember how she knew the victim, but later recalled that it was through an after-school program. *Id.* She clarified that her contact was only when she collected the paperwork for the program and directed her to where she would be working for the day. *Id.* Further, the juror did not personally know the victim other than recognizing her as a volunteer. *Id.* at 39-41.

The Court concludes that the state trial court's adjudication of this claim is neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. As noted by the trial court, the juror testified that her brief contact with one of the victims would not affect her judgment. Op. & Order, ECF No. 13-14, 564. Petitioner has failed to show that he was denied a fair trial and an impartial jury. Habeas relief is not warranted.

### 2. Prosecutorial-misconduct claim

In his second habeas claim, Petitioner argues that he is entitled to habeas relief because the prosecutor committed misconduct when she improperly commented on facts not in evidence and his right to remain silent, which improperly shifted the burden of proof to the defense.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004) (citation omitted). Prosecutorial misconduct will form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974).

The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances surrounding each individual case." *Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982) (citation omitted). The Court must focus on "the fairness of the trial, not the culpability of the prosecutor." *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1355 (6th Cir. 1993) (quoting *Smith v. Phillips*, 455 U.S. 209, 219 (1982)); *see also Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (same). Indeed, "[t]he Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial[-]misconduct claims because 'constitutional line drawing [in prosecutorial-misconduct cases] is necessarily imprecise.'" *Slagle v. Bagley*, 457 F.3d 501, 516 (6th Cir. 2006) (quoting *Donnelly*, 416 U.S. at 645).

Thus, in order to obtain habeas relief on a prosecutorial-misconduct claim, a habeas petitioner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility

8

for fairminded disagreement." *Parker v. Matthews*, --- U.S. ---, ---, 132 S.Ct. 2148, 2155 (2012) (quoting *Harrington*, 131 S.Ct. at 786-87).

First, Petitioner claims that the prosecutor improperly commented on facts not in evidence. Specifically, he claims that she alleged during her closing argument that he obtained latex gloves found at the scene from his ex-girlfriend, who was employed as a care giver. Petitioner's trial counsel objected to the statement and the trial court noted that there was no testimony about the where the glove came from but that it was the jury's job to determine the reasonableness of the inference. See Trial Tr. vol. VI, 137, ECF No. 13-8, 385.

A prosecutor may not misrepresent facts because doing so "may profoundly impress a jury and may have a significant impact on the jury's deliberations." *Washington v. Hofbauer*, 228 F.3d 689, 700 (6th Cir. 2000) (quoting *Donnelly*, 416 U.S. at 646).

In addressing this claim in Petitioner's motion for relief from judgment, the trial court concluded that the prosecutor's comments at issue were a reasonable inference from the evidence as it related to the theory of the case. The Court agrees. The evidence against Petitioner was overwhelming. Furthermore, the trial court instructed the jury that it must consider the evidence presented and that the attorneys' statements and arguments were not evidence. Trial Tr. vol. VII, 6, Oct. 26, 2005, ECF No. 13-9, 390. It is well-established that "[a] jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (citation omitted); *see also Wilson v. Mitchell*, 250 F.3d 388, 399 (6th Cir. 2001) (noting that the court itself has been reluctant to grant habeas petitions on the basis that the prosecutor's statements at closing were improper). Accordingly, habeas relief is not warranted with respect to this claim.

9

Second, Petitioner argues that he was denied a fair trial when the prosecutor argued in closing that "[t]he only information we have received in this trial from Eric Anderson, contrary to what Mr. Woods tried to tell you, oh, he's innocent, and she's just mistaken, we don't's have anything like that from his mouth." Trial Tr. vol. VI, 137-38, ECF No. 13-8, 386. Petitioner contends that the comment violated his right against self-incrimination and unduly shifted the burden of proof.

It is well-settled that a prosecutor may not shift the burden of proof to the defendant, *Patterson v. New York*, 432 U.S. 197, 215 (1977), or imply that the defendant has "any obligation to produce evidence to prove his innocence." *Joseph v. Coyle*, 469 F.3d 441, 474 (6th Cir. 2006) (quoting *United States v. Clark*, 982 F.2d 965, 968-69 (6th Cir. 1993)); *see also Hall v. Vasbinder*, 563 F.3d 222, 232 (6th Cir. 2009) (prosecutor may not use defendant's decision to remain silent as substantive evidence of guilt). A prosecutor may, however, highlight inconsistencies or inadequacies in the defense, *Bates v. Bell*, 402 F.3d 635, 646 (6th Cir. 2005), and point out the lack of evidence supporting the defense theory. *United States v. Forrest*, 402 F.3d 678, 686 (6th Cir. 2005).

In addressing this claim, the trial court found that the challenged comment was simply an argument regarding the weight and credibility of the witnesses and the evidence presented. Op. & Order, 3-4, ECF No. 13-14, 564-65. The Court agrees with the trial court's decision. Moreover, the trial court's instructions to the jury, that the arguments of counsel are not evidence and that it was the prosecutor's burden to establish Petitioner's guilt beyond a reasonable doubt, cured any such shifting. Such instructions have been held to prevent due-process violations from occurring due to purported prosecutorial misconduct, especially when it occurs during closing

argument. *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), *cert. denied*, 549 U.S. 1264 (2007).

Against that backdrop, the Court concludes that Petitioner has not shown that the prosecutor erred or that the disputed remarks rendered his trial fundamentally unfair. The state trial court's decision is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. Habeas relief is not warranted.

### 3. Ineffective-assistance-of-counsel claims

In his third habeas claim, Petitioner argues that he was denied the effective assistance of counsel when his trial counsel failed to file a motion to suppress the allegedly improper identification procedure. In his fourth habeas claim, he claims that he was denied the effective assistance of appellate counsel when counsel failed to brief and argue his single claim on appeal.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The Court must determine whether, in

11

light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Moreover, an appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.*

The trial court rejected Petitioner's ineffective-assistance-of-counsel claims, finding that counsel's actions did not fall below an objective standard of reasonableness. Also, although Petitioner did not raise an ineffective-assistance-of-trial-counsel claim in his direct appeal with the Michigan Court of Appeals, his co-defendant Shawn Wilson did. The Court of Appeals found Wilson's claim to be without merit, stating that, even if the identification procedure was improper, the victim's identifications of Petitioner and Wilson were reliable because of their proximity to the victims and also the amount of time the victims were able to observe them.

Thus, the Court of Appeals found that counsel was not ineffective for failing to file a motion to suppress the identification procedure. *People v. Wilson*, No. 267945, 2007 WL 2378452, at *1-*2 (Mich. Ct. App. Aug. 21, 2007).

The Court agrees with the Court of Appeals's analysis and finds that its decision is equally applicable to Petitioner's case. Petitioner is therefore unable to show that his trial counsel's performance was deficient or that he was prejudice by any alleged error.

With respect to Petitioner's claim that appellate counsel was ineffective for failing to brief and argue the single issue raised on appeal, his insufficient-evidence claim, the Court finds that Petitioner is unable to demonstrate either prong of the *Strickland* analysis. First, Petitioner fails to establish that his appellate counsel's performance was deficient because counsel submitted a brief noting the proper standard of review for the issue raised as well as extensive citations from the trial-court record. Second, even if this Court found appellate counsel's performance deficient, Petitioner cannot demonstrate that he was prejudiced by any error, because the Court of Appeals thoroughly analyzed the issue.

> In all cases, the identity of a defendant as the perpetrator of the crime must be proven by the prosecution beyond a reasonable doubt. At trial, both of the female victims identified Anderson as one of the assailants who sexually assaulted them on the night in question. Furthermore, roughly one month after the incident, one of the female victims identified Anderson in a photographic lineup. While Anderson presented evidence that called into question the ability of the victims to identify him, the jury was allowed to base its conviction upon the testimony of the victims at trial. Moreover, issues of credibility are left to the trier of fact. On the record, the evidence identifying Anderson as one of the perpetrators of the crimes for which he was convicted was legally sufficient to support his convictions.

*Anderson*, 2007 WL 2378452, at *4 (citations omitted).

The Court finds that the Court of Appeals's decision is not contrary to, or an unreasonable application of, the *Strickland* standard. Therefore, the Court concludes that Petitioner cannot establish that appellate counsel was ineffective. Habeas relief is not warranted.

## IV. CONCLUSION

For the reasons stated, the Court denies the instant petition.

The Court also declines to issue a certificate of appealability (COA) to Petitioner. A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. When a federal district court denies a habeas claim on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

The Court concludes that jurists of reason would not find its assessment of Petitioner's case debatable or wrong. The Court thus declines to issue him a COA.

Although the Court declines to issue Petitioner a COA, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for COAs.  *See Foster v. Ludwick*, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir.1997)).  Whereas a COA may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith.  *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App.24 (a).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits.  *Foster*, 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed IFP on appeal.  *Id.*

Accordingly,

IT IS HEREBY ORDERED that Petitioner's "Petition for Writ of Habeas Corpus" [ECF No. 1] is DENIED.

IT IS FURTHER ORDERED that the Court DECLINES to issue Petitioner a COA.

IT IS FURTHER ORDERED that the Court GRANTS Petitioner permission for an application for leave to appeal IFP, should he choose appeal the Court's resolution of his claims.


s/John Corbett O'Meara
United States District Judge


Date:  June 14, 2013

15

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, June 14, 2013, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager
